**UNITED STATES DISTRICT COURT**
**DSTRICT OF MINNESOTA**

| | |
|---|---|
| INTERCAT INC., a Delaware Corporation, | Civil No. 03-4886 (RHK/AJB) |
| Plaintiff, | **ORDER** |
| v. | |
| NOL-TEC SYSTEMS, INC. and W.R. Grace & Co.- Conn, | |
| Defendants. | |

WHEREAS Intercat, Inc. ("Intercat") and W.R. Grace & Co.-Conn. ("GRACE") have entered into a settlement in the form of a settlement agreement ("Settlement Agreement"), and Intercat and Nol-Tec Systems, Inc, ("Nol-Tec") have entered into a separate settlement, which provide a basis for conclusion of this action;

WHEREFORE, it is ORDERED:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties. Intercat has standing to enforce the patent in suit.

2. Venue properly lies in this district.

3. All claims, defenses, and counterclaims in Case No. 03-4886(RHK/AJB) as between Intercat and Grace are hereby dismissed with prejudice. However, it is expressly understood that neither Intercat nor Grace is admitting the validity or invalidity of any patent, or its direct, contributory, or inducement of infringement, or non-

infringement, of any patent, or any issue relating to the above-captioned action.

4. It is further expressly understood that neither Intercat nor Grace is waiving or has waived any claim, affirmative defense or contention that any patents are valid, invalid, enforceable or unenforceable. Intercat and Grace expressly reserve such issues, contentions, claims and/or defenses.

5. Subject to the terms of the Settlement Agreement, Intercat and Grace do not accept, admit, or waive any issue, matter, or position raised in or relating to these above-captioned actions.

6. Each Party shall bear its own attorneys' fees and costs of suit.

7. This Court shall retain jurisdiction over this matter with respect to disputes concerning the interpretation and/or enforcement of the Settlement Agreement and this Stipulation and Order.  The Parties agree, pursuant to Fed. R. Civ. P. 73(b), that all proceedings concerning the finalization and enforcement of the settlement, to the extent not specifically reserved in the Settlement Agreement for Arbitration, shall be conducted before a Magistrate Judge Boylan or other judge of this Court sitting in his stead.

February 6, 2006                                s/Richard H. Kyle
                                                Richard H. Kyle
                                                United States District Judge